CONCURRING OPINION BY
JUDGE McCullough
At least three commissioned judges of this Court have questioned whether Suno-co Pipeline, L.P. (Sunoco) has the legal authority to condemn private property for the “Mariner East 2” or “ME2” pipeline project.[1],[2]
In this latest matter surrounding Suno-co’s undertaking, I am constrained to concur in the result reached by the Majority because In re Sunoco Pipeline, L.P., 143 A.3d 1000 (Pa. Cmwlth. 2016) (en banc), appeal denied, 164 A.3d 485, 2016 WL 7475451 (Pa. 2016), controls the outcome of this matter. I, however, remain steadfast to my dissenting opinion in that case, wherein I expressed the view that Sunoco failed to obtain the requisite certificate of public convenience (CPC) from the Public Utility Commission (PUC) and therefore lacked the statutory authorization necessary to condemn private property under Section 1104 of the Public Utility Code. 66 Pa.C.S. § 1104.[3] From a dissenting pos *1054 ture, I recommended that should Sunoco “desire to pursue this matter further,” it should not “bypass the PUC,” but instead, should “obtain, in the first instance, the proper authority from the PUC to exercise eminent domain powers with respect to ME2 before it targets private property within the Commonwealth and seeks to deprive Commonwealth citizens of their fundamental right to own the same.” In re Sunoco Pipeline, L.P., 143 A.3d at 1029 (McCullough, J., dissenting). To date, Su-noco has not secured an appropriate CPC and it is my renewed belief that Sunoco continues to take private property without lawful authority.
While I still adhere to my dissenting opinion in In re Sunoco Pipeline, L.P., the Majority’s decision in that case constitutes binding precedent and compels the result in this case. Hence, I concur only in the result.

. "The power of eminent domain, next to that of conscription of man power for war, is the most awesome grant of power under the law of the land.” Winger v. Aires, 371 Pa. 242, 89 A.2d 521, 522 (1952). “The exercise of the right of eminent domain, whether directly by the state or its authorized grantee, is necessarily in derogation of private right,” id. at 523, that is, "a private citizen’s right to hold property,” Olson v. Whitpain Township, 141 Pa.Cmwlth. 270, 595 A.2d 706, 708 (1991), and Article 1, Section 10 of our Constitution prohibits the taking of property “without authority of law.” PA. Const. art. 1, § 10. As such, any statutory authority or procedure prescribed by the Legislature to condemn property must be strictly construed and strictly followed. Olson, 595 A.2d at 708.

. See, e.g., In re Sunoco Pipeline, L.P., 143 A.3d 1000, 1020-28 (Pa. Cmwlth. 2016) (en banc), appeal denied, 164 A.3d 485, 2016 WL 7475451 (Pa. 2016) (Brobson, J., dissenting); id. at 1028-29 (McCullough, J., dissenting); In Re: Condemnation by Sunoco Pipeline L.P., (Pa. Cmwlth., No. 220 C.D. 2016, filed May 15, 2017), Dissent slip op. at 1-3, 2017 WL 2062219 (Cosgrove J., dissenting).

. In pertinent part, this provision states that "no domestic public utility ,.. authorized to do business in this Commonwealth shall exercise any power of eminent domain within this Commonwealth until it shall have received the certificate of public convenience .... ” 66 Pa.C.S. § 1104; see Duquesne Light Company v. Upper St. Clair Township, 377 Pa. 323, 105 A.2d 287, 293 (1954) (“The function of the *1054 Commission ... is to determine whether the exercise of the right of eminent domain is necessary or proper for the service, accommodation, convenience or safety of the public. If the Commission determines that it is, it issues a certificate of public convenience.”). In In re Sunoco Pipeline, L.P., I stated: "As can be gleaned from the Majority’s opinion, Sunoco has cobbled together various CPCs since the 1930’s [sic], but never sought a CPC or any other PUC approval granting it the ability to exercise eminent domain within the Commonwealth. Most certainly, Sunoco never sought authority to exercise eminent domain as to ME2.” 143 A.3d at 1029 (McCullough, J., dissenting).